UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRYON A. PARFFREY AND ANGELINE M. PARFFREY, | § § § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:14-CV-3077 |
| | § | |
| OCWEN LOAN SERVICING, LLC AND DEUTSCHE BANK NATIONAL TRUST COMPANY, | § § § § | |
| Defendants. | § § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendants' Motion to Dismiss (Doc. No. 15). For the reasons stated below, Defendants' Motion to Dismiss is **GRANTED**.

**I.   BACKGROUND.**

According to the Original Petition filed in state court, Plaintiffs obtained a home equity loan in 2005 and made timely payments until February 2011. (Original Petition, Doc. No. 1, Exhibit B-2 at 2-3.) Plaintiffs experienced financial hardship in February 2011 and sought a modification of their loan. (*Id*. at 3.) They allege that their requests for assistance went unheeded by Defendants, who also failed to provide Plaintiffs with adequate proof of their alleged default under the security instrument. (*Id*. at 4.) Plaintiffs allege claims for breach of contract, negligence, and violation of the Texas Property Code §51.002, *et seq.*, and violation of Texas Debt Collection Act. (*Id*. at 5-7.)

Plaintiffs filed their Original Petition in state court on October 3, 2014. Defendants timely removed to this Court on diversity grounds. (Doc. No. 1.) Defendants then filed a Motion to Dismiss, in which they argue that Plaintiffs' claims are barred by the res judicata

1

effect of a decision rendered March 22, 2013, in the District Court of Harris County, Texas, 61st Judicial District. (Doc. No. 15.)[1]  Plaintiffs have not filed a response to Defendants' Motion.

## II.   RES JUDICATA

When considering the preclusive effect of a prior Texas state court decision, this Court applies the Texas law of res judicata. *Hogue v. Royse City, Tex.*, 939 F.2d 1249 (5th Cir. 1991); *Flores v. Edinburg Consol. Independent School Dist.*, 741 F.2d 773 (5th Cir. 1984).  Under Texas law, for res judicata to apply, there must be: "(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims that were raised or could have been raised in the first action." *Citizens Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007).

The earlier decision at issue here was rendered by the District Court of Harris County, Texas, a court of competent jurisdiction.  That court granted summary judgment in favor of the defendants and dismissed the case with prejudice. *Parffrey v. American Home Mortgage Servicing, Inc. and Deutsche Bank National Trust Company*, No. 2011-72624, (Dist. Ct. of Harris County, Tex., 61st Judicial Dist., March 22, 2013).  The effect of that decision on the instant suit turns on whether the parties in the two cases are identical or in privity, and on whether the two actions are based on the same claims.

The parties in the earlier case in state court overlap with the parties in the case before this Court.  Plaintiffs are the same and Deutsche Bank National Trust Company is a Defendant in each suit.  The non-overlapping parties are American Home Mortgage Servicing, Inc. ("AHMS"), a defendant in the state court action, and Ocwen Loan Servicing, LLC ("Ocwen"), a defendant in this case.  Although they are distinct entities, AHMS and Ocwen are in privity with

---

[1] Defendants advance additional arguments for why Plaintiffs' claims must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Because the Court finds that Plaintiffs' claims are barred by res judicata, it does not consider Defendants' other arguments for dismissal.

one another. Parties can be in privity in at least three ways: "(1) they can control an action even if they are not parties to it; (2) their interests can be represented by a party to the action; or (3) they can be successors in interest, deriving their claims through a party to the prior action." *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 653 (Tex. 1996). As the loan's former servicer (AHMS) and current servicer (Ocwen), the two parties "share an identity of interests in the basic legal right that is the subject of litigation." *Id.* Furthermore, Plaintiffs allege that Ocwen is successor in interest to AHMS. (*See* Original Petition at 3 ("Plaintiffs have continued to contact the Defendant 'OCWEN' as a successor in interest to American Home Mortgage Servicing, Inc., . . . with no success[.]").)

The instant case is also based on the same claims that were raised in the earlier state court suit. The Petitions filed in the two cases are nearly identical, with large portions of the second-filed Petition copied directly from the first. Both Petitions allege exactly the same claims arising from the Plaintiffs' attempts to obtain a loan modification through the Home Affordable Modification Program. Plaintiffs' claims in the instant suit therefore have already been litigated and decided in the District Court of Harris County, Texas.

### III. CONCLUSION

For the reasons stated above, Plaintiffs' suit is barred by res judicata. Defendants' Motion to Dismiss is therefore **GRANTED** and the case is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

**SIGNED** in Houston, Texas on this the 14th day of April, 2015.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE